

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MRM/CCC
F. # 2020R00831

*610 Federal Plaza*
*Central Islip, New York 11722*

April 16, 2024

By ECF

The Honorable Joanna Seybert
Senior United States District Judge
Eastern District of New York
1030 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Bryan Leandro Herrera Maldonado
      Criminal Docket No. 22-376 (JS)

Dear Judge Seybert:

  The government respectfully submits this letter in advance of the defendant Bryan Leandro Herrera Maldonado's (the "defendant" or "Maldonado") sentencing, which is scheduled for April 23, 2024, at 10:30 a.m. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 60 months' incarceration, which represents a slight upward variance from the Guidelines necessary to satisfy the factors set forth in 18 U.S.C. § 3553(a), to be followed by a term of supervised release. The government also asks that the Court impose restitution in the full amount of the victims' losses.

I. Facts

  The investigation leading to the defendant's conviction for the instant offense began in late 2019, when the Nassau County Police Department ("NCPD") and the Department of Homeland Security, Homeland Security Investigations ("HSI") began investigating several patterns of nationwide residential burglaries being committed by foreign nationals illegally in the United States. United States Probation Department ("Probation"), Presentence Investigation Report, dated April 9, 2024 ("PSR") ¶ 2-19. The proceeds of the burglaries would regularly be transported back to New York, where they would be sold to "fences" in Queens or Manhattan.

  In the instant case, the defendant participated in a series of at least sixteen residential burglaries between July 28, 2019, and the defendant's arrest on November 13, 2020. Id. During the course of the defendant's crime spree, he, along with coconspirators, would target private residences in affluent neighborhoods, often damaging property to gain entry to the residences. Id. During the course of the conspiracy, the defendant and his coconspirators stole jewelry, handbags, credit cards and other valuables from the victims of their brazen crimes. Id.

The defendant entered the United States from Chile via a visa waiver program on July 3, 2019. PSR at ¶ 51. Less than a month later, the defendant began his unprecedented burglary spree across the United States. Id. at ¶ 3. During his crime spree, on January 20, 2020, the defendant fled from law enforcement in Queens, New York when they attempted to apprehend him. Id. at ¶¶ 18-19. Following his flight from law enforcement, and undeterred by the possibility of arrest, the defendant continued his burglary spree until apprehended with the assistance of federal authorities. PSR at ¶¶ 16-19.

Following his arrest, the defendant was turned over to state authorities in New Jersey and then Connecticut for individual burglaries that he had committed in those jurisdictions before ultimately being taken into federal custody in connection with the above-captioned indictment in September of 2022. PSR at ¶¶ 18, 37-38, 43-44. On February 14, 2024, the defendant pleaded guilty before this Court to Count One of the indictment, charging that in or about and between July 2019 and November 2020, the defendant conspired with others to transport stolen property, with a value in excess of $5,000, in interstate commerce, in violation of 18 U.S.C. §§ 371 and 2314. PSR at ¶ 1.

## II. Guidelines Calculation

On April 9, 2024, Probation issued the PSR. The government agrees with the PSR's calculation of the Guidelines range, which calculation is set forth below:

|  |  |  |
|---|---|---|
| | Base Offense Level (U.S.S.G. §2B1.1(a)(2)) | 6 |
| Plus: | Loss in excess of $1,500,000 (U.S.S.G. §2B1.1(b)(1)(I)) | +16 |
| Plus: | More than 10 victims (U.S.S.G. §2B1.1(b)(2)(A)(i)) | +2 |
| Plus: | Aggravating Role – Leader/Organizer (U.S.S.G. §3B1.1(c)) | +2 |
| Less: | Acceptance of Responsibility (U.S.S.G. §§3E1.1(a) and (b)) | <u>-3</u> |
| | Total: | <u>23</u> |

PSR at ¶¶ 24-35. Accordingly, based upon a total Combined Adjusted Offense Level of 23 and Criminal History Category of I, the Guidelines range of imprisonment is 46 to 57 months. PSR at ¶¶ 39-40, 73-74.

## III. The Defendant Should Be Sentenced to 60 Months' Imprisonment

For the reasons set forth below, the government respectfully submits that the Court should impose a sentence of 60 months' imprisonment, while slightly above the applicable Guidelines range, reflects a variance outside the framework of the Guidelines which is necessary to achieve the goals of sentencing. See 18 U.S.C. § 3553(a).

A. Legal Standard

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the Guidelines were no longer mandatory but should be considered in conjunction with the factors outlined in § 3553(a). Thereafter, the Supreme Court confirmed that § 3553(a) requires a sentencing court to give respectful consideration to the Guidelines, but Booker allows the court to "tailor the sentence in light of other statutory concerns[.]" Kimbrough v. United States, 552 U.S. 85, 101 (2007) (citing Booker at 245-46 and Gall v. United States, 552 U.S. 38, 46-49 (2007)). However, the Supreme Court explained that even though the Guidelines are now advisory, "district courts must treat the Guidelines as the 'starting point and the initial benchmark'" when determining a defendant's sentence. Kimbrough at 108 (citing Gall at 50 and Rita v. United States, 168 L. Ed. 203, 213 (2007)).

With the Guidelines as the "starting point and the initial benchmark," the Court should next consider the factors set forth by Congress in § 3553(a). Id. That statute provides that a Court should consider a number of factors when determining a defendant's sentence, including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; and

(2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. §§ 3553(a)(1) and (2).

B. Analysis

Here, pursuant to the Supreme Court, the Court's "starting point and the initial benchmark" is the advisory Guidelines range of 46 to 57 months. Kimbrough at 108 (citing Gall at 50 and Rita v. United States, 168 L. Ed. 203, 213 (2007)).

1. The Nature and Circumstances of the Offense (18 U.S.C. § 3553(a)(1))

Section 3553(a) requires the Court to consider "the nature and circumstances of the offense" and to impose a sentence that "reflect[s] the seriousness of the offense." 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A). Consideration of those factors strongly supports that the maximum sentence allowable by statute (i.e., 60 months) is appropriate.

The seriousness of the offense speaks for itself: the defendant and his coconspirators burglarized at least sixteen homes, stealing more than $2.2 million dollars in jewelry, handbags, cash, credit cards and other personal property. PSR at ¶ 16. The harm that the defendant and his coconspirators caused to the victims is real and significant. The impacted

victims lives were forever changed by the defendant's crimes. While there is, of course, a difference between the loss of human life and financial loss, that does not mean that instant crimes are not serious. Financial crimes affect victims in very real ways–ways that have enormous effects on their daily lives. The defendant stole victims' hard-earned valuables, some with irreplaceable sentimental value. PSR at ¶ 19.

In addition to causing them financial loss, the defendant's criminal conduct caused intangible consequences. People's homes are their sanctuaries. The defendant went through great lengths to invade those refuges for the sole purpose of feeding his own greed. He caused victims to feel less safe in their homes. He caused them to feel like they had been violated. And for that he should be punished severely. PSR at ¶ 19.

In addition to the tangible and intangible harms that the defendant caused, all the other objective metrics, including the number of burglaries, the number of victims, the length of the defendant's criminal conduct and the defendant's role in the offense, underscore how serious this offense was and support the imposition of a 60-month sentence. This was not a one-time event, nor was the defendant threatened or coerced into participating in these crimes. The defendant admitted to burglarizing at least sixteen homes. This was a conscious decision to spend a considerable amount of time planning ways to take advantage of hard-working people.

In sum, the nature and circumstances of the offense and the defendant's role in that offense warrants an extremely significant sentence.

2. The History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))

The next factor that the Court must consider is the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Careful consideration of the defendant's history and characteristics also requires the imposition of a 60-month sentence.

Here, the defendant came to the United States from Chile in July 2019 on a visa waiver program. Maldonado was to stay in the United States no longer than September 30, 2019. Maldonado ultimately overstayed his visa, but well before that and almost immediately upon arriving in the United States, began committing crime--his first burglary occurring on July 28, 2019. PSR at ¶¶ 3, 51. This was just the beginning of a string of crimes that the defendant committed here in the United States, including the instant offenses which victimized people across the country. PSR at ¶¶ 3-18. Finally, during his incarceration on the instant charges and the Connecticut matter, the defendant has repeatedly violated prison rules. PSR at ¶ 37.

The defendant's actions speak volumes and plainly demonstrate that he came to the United States to victimize U.S. citizens to enrich himself, with zero regard for the laws of this country or how his actions would affect his victims. Notably, the defendant cannot blame his criminal conduct on the ignorance of youth, he was almost twenty-four years' old when began his crime spree. In sum, the history and characteristics of the defendant call for a substantial prison sentence.

4

3. The Need to Promote Respect for the Law and to Provide Just Punishment for the Offense (18 U.S.C. § 3553(a)(2)(A))

The next factor that the Court must consider is "the need for the sentence imposed to promote respect for the law, and to provide for just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). A sentence of 60 months' imprisonment will promote respect for the law and will provide just punishment. This case involves serious crimes that harmed innocent civilians. Cases of this scale require significant custodial sentences. These sentences are among the best ways in which to communicate to the public that they will be protected and that the guilty will be punished.

Similarly, for a defendant to commit crimes of this magnitude, a sentence of less than 60 months would serve to erode respect for the law. Crimes do not get more brazen than the defendant's crimes. If the defendant walks away with a minimal sentence in light of the breadth of his criminal conduct, an unfortunate message would be sent that these crimes are unworthy of significant punishment.

4. The Need to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Future Crimes of the Defendant (18 U.S.C. §§ 3553(a)(2)(B), (C))

Sections 3553(a)(2)(B) and (a)(2)(C) further require the Court to consider "the need for the sentence imposed to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." Id. These factors weigh heavily in favor a 60-month sentence. As the Court knows, deterrence has two components: general and specific deterrence. Both factors point to the need for the imposition of a significant sentence here.

As mentioned in the previous section, the Court has a responsibility to send clear, unambiguous messages that serious crimes, like those committed here, will be punished. If that message is muted, criminals will quickly learn that lucrative thefts do not merit significant prison sentences in the Eastern District of New York. That message will have a disastrous effect upon our local communities. Given the amount of valuable personal property stolen by the defendant and his coconspirators, those who are given the opportunity to participate in such crimes will not be deterred if the defendant is not punished severely.

That is particularly so because the instant crimes were difficult to detect and prosecute, and foreign nationals exploiting visa waiver programs to enter the United States and commit high-end burglaries in the United States, commonly referred to as "crime tourism," is a growing trend in the United States. See Crime Tourists: An international spree targets D.C. area's wealthy Asian residents, Justin Jouvenal, Washington Post, January 11, 2022, https://www.washingtonpost.com/dc-md-va/2022/01/11/burglaries-crime-tourists-target-asians/ (last visited March 30, 2023); Thieves in the Night: A Vast Burglary Ring From Chile Has Been Targeting Wealthy U.S. Households, Mark Wortman, Vanity Fair, February 24, 2022, https://www.vanityfair.com/news/2022/02/a-vast-burglary-ring-from-chile-has-been-targeting-wealthy-us-households (last visited March 30, 2023). Thus, the sentencing court's obligation to "afford adequate deterrence" for these kinds of offenses requires a substantial sentence.

The need to protect the public from further crimes of the defendant and to deter the defendant are also particularly acute here. Significantly, as set forth above, the defendant committed at least sixteen residential burglaries in a rampant, nationwide spree. A 60-month sentence will ensure that the defendant will not be at liberty in the near future to victimize the people of this district, or any district.

5. The Need to Avoid Unwarranted Sentencing Disparity Among Defendants With Similar Records Who Have Been of Similar Conduct (18 U.S.C. § 3553(a)(6))

Section 3553(a)(6) requires the Court to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. Here, courts in this district have already sentenced several similarly situated defendants upon their convictions for conspiring to transport stolen property from residential burglaries. See United States v. Angelo Aurelio Cortes Mondaca, 21-CR-618 (GRB), ECF Doc. No. 32; and United States v. Gonzalo Andres Zurita Astudillo, et ano., 21-CR-145 (JMA), ECF Doc. Nos. 42 and 48. In Mondaca, the Honorable Gary R. Brown sentenced Mondaca, who had participated in thirteen residential burglaries, to 60-months' incarceration. In Astudillo, defendant Astudillo, like Mondaca, and Maldonado here, received a two-level aggravating role enhancement as he held a supervisory role in his burglary crew, had a lower Guidelines range (33-41 months), and also participated in large number of residential burglaries (eight total burglaries). In that case, the Honorable Joan M. Azrack sentenced defendant Astudillo to 50 months' imprisonment. Additionally, in the Astudillo case, Judge Azrack sentenced codefendant Bastien Salazar Morales, who held no leadership position and was involved in fewer residential burglaries (three), to 36 months' imprisonment. This defendant clearly warrants a greater sentence than the similarly situated defendants Zurita (50 months') and Morales (36 months'), who participated in fewer crimes that victimized innocent people (eight and three versus sixteen residential burglaries). Accordingly, a sentence of 60 months' imprisonment here would not result in an unwarranted sentencing disparity.

IV.    <u>Conclusion</u>

        For the foregoing reasons, the government respectfully submits that a sentence of 60 months' imprisonment is warranted in this case.

Respectfully submitted,

BREON PEACE<br>
United States Attorney

By:   /s/_____<br>
      Michael R. Maffei<br>
      Christopher C. Caffarone<br>
      Assistant U.S. Attorneys<br>
      (631) 715-7890/68

cc:    Maureen Hoerger, Esq. (counsel to defendant) (via ECF and email)<br>
       U.S.P.O. Maxine Marquez (by email)<br>
       Clerk of the Court (JS) (via ECF)